## BUTLER v. BUTLER et al.
### No. 12533.

United States Court of Appeals
Fifth Circuit.

Nov. 8, 1949.

Jos. W. Popper, Macon, Ga., L. Bayne Barfield, Macon, Ga., for appellant.

R. M. Arnold, Columbus, Ga., T. B. Bagley, Columbus, Ga., for appellees.

Before HUTCHESON, HOLMES, and SIBLEY, Circuit Judges.

HOLMES, Circuit Judge.

The question for decision is whether the deceased soldier ever effected a change of beneficiaries, from his mother to his wife, in two insurance policies. The policies became effective on April 1st and August 1st, 1943, respectively, at a time when the insured was not married. In April, 1944, while stationed at Fort Benning, Georgia, the soldier married the appellee, Mamie F. Butler. Soon thereafter he had a dependency allotment entered in her favor. Later, in May, 1944, he designated his wife as the recipient of six months gratuity pay in case of his death. He also wrote her several letters in which he told her that he had had his insurance made payable to her, but no request from him to that effect was ever received by the Veterans Administration. Eventually the soldier was sent overseas, and on March 3, 1945, the wife received a letter from him telling her again that his insurance had been made payable to her. The next and last two letters received from him by his wife made no mention of his insurance, but expressed deep affection for her and his expected child.

The Veterans Administration concluded from all the evidence before it that

the soldier never intended to change the insurance from his mother to his wife. The lower court's finding to the contrary, we think, is not supported by substantial evidence and, therefore, is clearly erroneous. In order for a change of beneficiaries to be made in such policies, the insured must give written notice to the Veterans Administration requesting it. The letters written to the soldier's wife, which are relied on to evidence the change, were not written under battle conditions. The insured had at least eight months in this country to make the change from the time he was first questioned by his wife about his insurance until he was sent overseas. It is evident that the insured knew who was named as beneficiary in his policies and failed to make any change therein, although he had numerous opportunities to do so, because in preparation for shipment overseas, a soldier's insurance was checked many times by Army administrative personnel.

The mother of the insured, like his wife and child, is in dire need of financial assistance. The latter are now drawing a pension provided by the Government for the widow and child of a soldier. It is not unreasonable to think that the deceased had this in mind, and for this reason did not change the beneficiaries in his policies. We are unwilling to extend the principles of the Gann case[1] beyond its particular facts. A mere intent to change the beneficiaries is not enough. A mere statement, oral or written, that such a change has been made is not sufficient unless followed by appropriate affirmative action. In the instant case, there is not sufficient proof of the intent, and there is no proof at all of any affirmative action, to change the beneficiaries.[2]

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.

1. Gann v. Meek, 5 Cir., 165 F.2d 857.

2. Claffy v. Forbes, D.C., 280 F. 233; Johnson v. White, 8 Cir., 39 F.2d 793; United States v. Johnson, D.C., 46 F.2d 549; Steele v. Suwalski, 7 Cir., 75 F.2d 885, 99 A.L.R. 588; Kaschefsky v. Kaschefsky, 6 Cir., 110 F.2d 836; Bradley v. United States, 10 Cir., 143 F.2d 573; Mitchell v. United States, 5 Cir., 165 F.2d 758, 2 A.L.R.2d 484; McKewen v. McKewen, 5 Cir., 165 F.2d 761; Rosenschein v. Citron, 83 U.S.App.D.C. 346, 169 F.2d 885.