**KELL v. UNITED STATES et al.**

No. 14236.

United States Court of Appeals
Fifth Circuit.

Feb. 25, 1953.

J. Norman Coon, Monroe, La., W. T. McCain, Colfax, La., for appellant.

Lamar Polk, Alexandria, La., Wm. J. Fleniken, U. S. Atty. and Leland H. Coltharp, Jr., Asst. U. S. Atty., Shreveport, La., Polk & Culpepper, Alexandria, La., for appellees.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

This is another of the many cases [1] brought to recover on National Life Insurance policies, in which, lacking direct proof of change of beneficiary as required by the statute [2] and regulations,[3] the claimant relies on circumstantial evidence in support of her claim. While the results in each of the cases have varied with the evidence offered in each and the effect given to that evidence by the trial judge, the governing principles applied in each have not varied. As laid down by us in Mitchell v. U. S., 5 Cir., 165 F.2d at page 760, these are:

"The cases are unanimous that in war-risk insurance cases involving change of beneficiary the courts will brush aside all legal technicalities in order to effectuate the manifest intent of the insured; and that if he manifests an intent to make a change and has done everything reasonably within his power to accomplish his purpose, leaving only ministerial acts to be performed by the insurer, the courts will treat that as done which ought to have

1. Three decided by this court at substantially the same sitting, which settle the law for this court, are Mitchell v. U. S., 5 Cir., 165 F.2d 758, 2 A.L.R.2d 484; McKewen v. McKewen, 5 Cir., 165 F.2d 761; Gann v. Meek, 5 Cir., 165 F.2d 857. Cases from other courts are: Cohn v. Cohn, 84 U.S.App.D.C. 218, 171 F.2d 828; Butler v. Butler, 5 Cir., 177 F.2d 471; Boring v. U. S., 10 Cir., 181 F.2d 931.

2. 38 U.S.C.A. § 802(g).

3. 7 F.R., p. 8364, Sec. 10.3446–3447 provides: "* * * A change of beneficiary to be effective must be made by notice in writing signed by the insured and forwarded to the Veterans Administration by the insured or his agent and must contain sufficient information to identify the insured * * *".

been done and give effect to the insured's intent. The cases are also unanimous that a mere intent to change a beneficiary is not enough. Such an intent must be followed by some affirmative act on the part of the insured evidencing an exercise of the right to change the beneficiary. Where the courts differ is as to the degree of affirmative action necessary to effect a change. Literal compliance with the provisions of a policy is never necessary."

The district judge, after a full trial, denied plaintiff's claim, and in a well thought out and carefully worded opinion,[4] fully and accurately setting down and giving effect to the substantial facts of this case, gave his reasons for doing so.

We agree with his summary of the facts, his careful analysis of the decisions, and his conclusion that, under the statute and regulations, the plaintiff's proof was insufficient to establish a change of beneficiary under any of our cases, including the Gann case on which appellant so strongly relies. So agreeing, we affirm his decision for the reasons that he gave.

Affirmed.

4. Kell. v. U. S., D.C., 104 F.Supp. 699.