**SPIKES v. UNITED STATES et al.**
**Civ. No. 4113.**

United States District Court,
W. D. Louisiana,
Lake Charles Division.

Dec. 22, 1953.

Edward K. Alexander, DeQuincy, La., for plaintiff.

Walter A. Raymond, Kansas City, Mo., James B. Collins, Lake Charles, La., for Elnora Grant.

T. Fitzhugh Wilson, U. S. Atty., Shreveport, La., for the United States.

DAWKINS, Jr., Chief Judge.

This is a suit under the National Service Life Insurance Act, 38 U.S.C.A. §§ 817 and 445.

Plaintiff, a resident of Calcasieu Parish, Louisiana, alleges that she is the foster mother ("standing in 'loco parentis' ") of Levell Grant, who is said to have died in Korea, while in service, on October 5, 1951.

The complaint avers that plaintiff became decedent's foster mother when he was placed in her care about July 4, 1926, when, at the age of three years, his natural mother died. He is said to have remained in her care until he reached the age of twenty.

It is alleged that decedent's life was insured, at the time of his death, under a policy of National Service Life Insurance effective September 20, 1950, and that plaintiff "was the bona fide and le-

gal beneficiary under the said policy". In support of her claim to this status plaintiff asserts decedent wrote her on September 28, 1950, that "I have Ten Thousand Dollars ($10,000.00) willed to you", and alleges this undoubtedly referred to the policy, since he had no other funds approaching that amount. She further alleges he wrote her on April 24, 1951, in part as follows:

> "Oh, yes, Mother, I have everything made out to you in case something happens to me * * * my life insurance is made out to you";

and that he actually sent the policy to her, it being in her possession when he died. On the basis of these facts she claims legal entitlement to the proceeds of the policy.

Impleaded as defendants are the Government and one Elnora Grant, of Kansas City, Missouri, said to have been decedent's widow, "who was estranged from the said Levell Grant at the time of his death, and for three years theretofore, and against whom the deceased had been contemplating divorce proceedings". It is further alleged that Elnora Grant has been appointed administratrix of decedent's estate in the Probate Court of Jackson County, Missouri, having been allowed $2500 by that court, "leaving a balance on hand of $7429 after certain expenses".

Plaintiff further avers that she applied to the Veterans Administration for recognition as sole beneficiary and for payment of the proceeds of the policy, but was advised there was no evidence that decedent had ever made a beneficiary designation; hence that the insurance had been paid to decedent's estate in one sum, plaintiff's claim being denied.

The prayer is for a judgment against the United States for $10,000, and for judgment against Elnora Grant ordering her to refund all sums paid to her by the Government under the policy.

Both defendants have moved to dismiss the complaint as failing to state a claim upon which relief can be granted. It is urged that the complaint is fatally defective in that it does not allege any of the following essential facts:

(1) that the insured took any affirmative action to designate plaintiff as beneficiary under the policy; or that

(2) the insured gave written notice to the Veterans Administration requesting that plaintiff be designated as beneficiary; or that

(3) the insured gave a written power of attorney to anyone to have plaintiff so designated; or that

(4) the insured took any affirmative action to put into operation a chain of events which reasonably could have been expected to effect the designation of plaintiff as beneficiary.

Defendants have cited a number of decisions [1] to the effect that a mere intention by the insured to change beneficiaries under such a policy is not enough; that although literal compliance with the provisions of the policy, and the regulations [2] of the Veterans Administration, is not necessary, there must be some affirmative action taken by the insured evidencing his exercise of the right to change beneficiaries.

But in none of the cases relied on by defendants were decisions rendered before trial on the merits. All were decided after full opportunity had been given to prove the facts upon which the claims were based. Considering the liberality of the Federal Rules of Civil Procedure as to pleadings [3], and amendments thereto [4], we think this plaintiff is entitled to her day in court to prove, if she can, the validity of her claim. This

1. Butler v. Butler, 5 Cir., 177 F.2d 471; Cohn v. Cohn, 84 U.S.App.D.C. 218, 171 F.2d 828; Moths v. U. S., 7 Cir., 179 F.2d 824; Bradley v. U. S., 10 Cir., 143 F.2d 573; Kell v. U. S., D.C.W.D.La., 104 F.Supp. 699, affirmed 5 Cir., 202 F. 2d 143.

2. Requiring written notice of a change of beneficiary.

3. F.R.C.P. Rule 8(a), 28 U.S.C.A.

4. F.R.C.P. Rule 15.

**8**

is so even though it now appears she has little chance of prevailing on the merits.

There is the further point, supporting this view, raised in her counsel's brief, that all of the cases relied upon by defendants involved changes of beneficiaries, whereas, the effort will be in the present case not to prove a *change* but an original *designation*, since no beneficiary had been formally designated. It is urged that such a designation, under the Veterans Administration's regulations [5] may be made by will and that either of the two letters from decedent to plaintiff, particularly that of April 24, 1951, constituted a valid will. While we seriously doubt the point's validity [6], again we think plaintiff is entitled to attempt proof of her claim on its merits.

For the reasons stated, the motions to dismiss are overruled.

---

5. Veterans Administration Regulations, Sec. 3446(B), reads in part as follows: "A beneficiary designation shall be made by notice in writing to the V.A. signed by the insured. A beneficiary designation, but not a change of beneficiary, may be made by last will and testament duly probated.

6. Either under Louisiana law or that of Missouri, whichever may be applicable. We do not now know whether decedent was domiciled in the former or latter state; and we do not have before us the full contents of the letters. It also does not appear whether any attempt has been made to probate either letter as a will.