**Helen POPE, Appellant,**

v.

**Priscilla SMALLEY and United States of America, Appellees.**

**No. 12444.**

United States Court of Appeals
Sixth Circuit.

Jan. 10, 1956.

Guy Elliott and McKinley Battle, Kinston, N. C., for appellant.

Ben B. Fowler, Frankfort, Ky., Dailey & Fowler, Frankfort, Ky., on the brief, for appellee Priscilla Smalley.

No brief was filed by the Government.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

MARTIN, Circuit Judge.

This is a contest between the wife and the sister of a deceased soldier for the proceeds of a National Service Life Insurance policy issued to him. The policy, in the principal sum of $10,000, was in effect when the insured was killed in action on December 6, 1950. At the time the decedent procured the policy, he was unmarried and designated his sister, Priscilla Smalley, as beneficiary. Later, on October 25, 1949, he married Helen Peoples.

The initial controversy between the wife and the sister was decided by the agency of original jurisdiction in the Veterans Administration in favor of the sister. Whereupon, the wife appealed to the Board of Veterans Appeals.

Concededly, a careful and thorough search of the records of both the Veterans Administration and the Marine Corps, in which the decedent was an enlisted man, failed to disclose that the insured had executed a change of beneficiary form. There was produced in the proceedings within the Veterans Administration a photostatic copy of an emergency data document executed by the soldier on February 23, 1950, which provided that his wife was the person to be notified in case of emergency and that she was the person to receive six months' gratuity pay in the event of his death. A copy of an official letter revealed that, prior to this action taken by the soldier, the sister had been designated as the person to be so notified and to receive the six months' gratuity pay.

The wife filed letters received by her from the insured decedent during September and October of 1950, establishing the love and affection her husband possessed for her and also for her two-year-old daughter by a former marriage. The first of the three letters produced, dated September 8, 1950, showed that he was a member of a designated mortar company and *was at sea.* In this letter,

he wrote: "We had to sign some papers today which stated if I got killed you would draw six months' pay although you know you would get the insurance money also. Baby when you get your allotment take out an insurance on you and Beverly [his wife's little daughter] because you never know when you might get sick."

In a letter to his wife, postmarked September 21, 1950, he wrote in part, as follows: "If I come through this time everything will be o. k. and if I don't I signed a few papers where if anything happens to me you will get six months' pay just like I was still around, plus the insurance money."

The last letter he wrote his wife was postmarked October 27, 1950, and stated that he had been furnished 150 rounds of ammunition and was going into combat. He asserted in that letter: "I wrote you last night. I didn't know we were *landing today or in the morning.* Take good care of Beverly. If anything happens to me you have to make out a form like an allotment and put Beverly down as your dependent. You will get more money per month. I have got $10,000 worth of insurance made out to you so you can take care of Beverly."

In its findings, the Board of Veterans Appeals commented that the foregoing letters from the deceased soldier to his wife had been scientifically analyzed with the resultant conclusion that they had all been written by the insured, Ray Pope. The Board made the observation that a change of beneficiary may not be recognized in the absence of a formal change made on a prescribed form transmitted to the Veterans Administration, unless it should be shown that the insured manifested the intent and took some affirmative action to effectuate a change of beneficiary. In its discussion and decision, the Appeals Board pointed out that the insured soldier had completed a War Department form designating his wife instead of his sister as the person to receive the six months' gratuity pay and as the person to be notified in case of an emergency; that his letters,

written while he was at sea and shortly before he went into combat action, reflected his love and affection for his wife and her young daughter; and that his letters clearly indicated that he believed he had taken the necessary action that would make his wife the beneficiary of his insurance.

The Board reasoned: "The letters of the service man contain his unequivocal statement that he had made his $10,000 insurance out to appellant [his wife] and in view of all the other evidence of record this statement of the service man is entitled to considerable probative value. There have been noted the circumstances under which the service man executed the papers referred to in his letters and with consideration given thereto, there is the possibility that the service man did in fact execute one of the usual change of beneficiary designation forms for the purpose of naming Helen Pope as beneficiary of his insurance and that the form was mislaid. From a review of the evidence in its entirety, the Board finds that the record establishes a manifest intent on the part of the service man that Helen Pope be the beneficiary for all his insurance and that the intent was followed by the required affirmative action on his part, evidencing an exercise of the right to change the beneficiary of his insurance from Priscilla Smalley to Helen Pope."

The Board of Appeals held that the wife, Helen Pope, was the designated beneficiary of the Government insurance on the date of the soldier's death and that the Board's decision constituted final administrative denial of the claim of his sister to his National Service Life Insurance.

The sister, Priscilla Smalley, brought this action in the United States District Court for the Western District of Kentucky, against her brother's wife and the United States, praying judgment for $10,000, being the full proceeds of the policy of insurance. It was stipulated that the facts in evidence, as set forth in the decision and order of the Board of Veterans Appeals, would constitute the essential and material facts in the action. The United States District Court made its findings of fact upon the basis of this stipulation. The District Court pointed out, however, that there was no evidence that any of the records of the Company in the United States Marine Corps in which the deceased soldier had been enlisted were lost or mislaid, and that there was no testimony from any soldier in his Company, or among his service comrades, of any actual attempt on his part to change the beneficiary or to request forms for such change.

Even so, we think the District Court overlooked the salient point that the insured soldier, in his letter to his wife dated October 27, 1950, had stated unequivocally under combat conditions that he had made out to her $10,000 worth of insurance, so that she could take care of her infant daughter. Moreover, in our opinion, the court erred in holding in all the circumstances of the case that literal compliance with the prescribed execution of a change of beneficiary form was necessary to constitute a lawful change. It should be observed that the tribunal of last resort in the Veterans Administration, namely, the Board of Veterans Appeals, had construed its own regulations to be complied with sufficiently to sustain the wife's contention that the deceased soldier had taken adequate action to make her, instead of his sister, the beneficiary under his National Service Life Insurance policy.

The regulation prescribing the methods of changing the beneficiary in a National Service Life Insurance policy was adopted, not for the protection of the beneficiary, but for the benefit of the United States; and may be waived by the Government. See McKewen v. McKewen, 5 Cir., 165 F.2d 761. The requirements could be and were waived in the instant case by the Veterans Administration. There is no challenge to the accepted proposition that an insured veteran has the right to change the beneficiary of his Government insurance without notice to the beneficiary.

The issue here assimilates the requirements with respect to a change of beneficiaries in War Risk Insurance policies. As was declared in Johnson v. White, 8 Cir., 39 F.2d 793, 796: "The intention, desire, and purpose of this soldier should, if it can reasonably be done, be given effect by the courts, and substance, rather than form, should be the basis of the decisions of courts of equity. The clearly expressed intention and purpose of the deceased to have his wife named as the beneficiary in this insurance should control, and should not be thwarted by the fact that all. the formalities for making this purpose effective may not have been complied with." As was observed by Mr. Justice Holmes, in White v. United States, 270 U.S. 175, 46 S.Ct. 274, 275, 70 L.Ed. 530, the contract of War Risk Insurance was not entered into by the United States for gain, but all soldiers were given the right to it; the relation of the Government to them "if not paternal was at least avuncular"; and where feasible, the will of the soldier should be carried out.

An opinion of this court in relation to a War Risk Insurance policy bears analogy here. In Kaschefsky v. Kaschefsky, 6 Cir., 110 F.2d 836, 837, where the designation of beneficiaries of a War Risk Insurance policy had been made by a veteran, this court approved the following statement, quoted from Claffy v. Forbes, D.C., 280 F. 233: "'Form, formality, and legal technicality must give way to common sense and remedial justice, when all doubt is removed as to the intent of the deceased soldier; and when the purpose of the law has been complied with, there should be no hesitancy in carrying out the express wish of such deceased.'"

We agree with the United States District Judge in the instant case that it is not proper to base decision here upon speculation that a change of beneficiary on an appropriate form may have been executed but was lost. We do not agree with his ultimate conclusion, however, that the appellee, Priscilla Smalley, was entitled to the death benefits of the National Service Life Insurance policy issued to her brother, wherein she was named beneficiary at the time the insurance was obtained. Several opinions of the Court of Appeals for the Fifth Circuit were cited by the District Judge in support of his conclusion.

In Mitchell v. United States, 5 Cir., 165 F.2d 758, 761, 2 A.L.R.2d 484, the decision was in favor of the widow of the deceased soldier and against the mother, the originally named beneficiary in a National Service Life Insurance policy. The court said that where an officer of the Air Corps had written to his wife, "'I have taken out insurance and I have made you the beneficiary,'" it would be subserving technicality to say that this was not sufficient evidence of an exercise of his right to change the beneficiary; and that, while not an actual change, would be "strong, *almost incontrovertible, evidence* of a change." So, also, in McKewen v. McKewen, 5 Cir., 165 F.2d 761, the change to a wife as beneficiary was upheld. In Gann v. Meek, 5 Cir., 165 F.2d 857, a judgment based on the verdict of a jury that a change of beneficiary had been made by a soldier from his wife to his mother was sustained.

The facts of these three cases are differentiable from those encountered here; but, in view of the fact that in each of them the decision was in favor of upholding the validity of a change of beneficiary, the authorities do not, in our judgment, support to any material extent the decision of the District Court.

Although the holding in Kell v. United States, 5 Cir., 202 F.2d 143 was that, on the facts of the case, there was insufficient evidence to establish a change of beneficiary in a National Service Life Insurance policy, the court quoted the following language from its earlier opinion in Mitchell v. United States, supra, 165 F.2d at page 760: "'The cases are unanimous that in war-risk insurance cases involving change of beneficiary the courts will brush aside all legal technicalities in order to effectuate the mani-

fest intent of the insured; and that if he manifests an intent to make a change and has done everything reasonably within his power to accomplish his purpose, leaving only ministerial acts to be performed by the insurer, the courts will treat that as done which ought to have been done and give effect to the insured's intent. The cases are also unanimous that a mere intent to change a beneficiary is not enough. Such an intent must be followed by some affirmative act on the part of the insured evidencing an exercise of the right to change the beneficiary. Where the courts differ is as to the degree of affirmative action necessary to effect a change. Literal compliance with the provisions of a policy is never necessary.' "

It is true that, in Butler v. Butler, 5 Cir., 177 F.2d 471, the Court of Appeals held that a finding that the deceased soldier had effected a change of beneficiary from his mother to his wife in two Government insurance policies was clearly erroneous. The opinion stated that the court was unwilling to extend the principles of Gann v. Meek, 5 Cir., 165 F.2d 857, beyond its particular facts. From the several decisions concerning the effectiveness of an informal change of beneficiaries, it would seem that a clear pattern has not been drawn in the Fifth Circuit.

█ The Court of Appeals for the Fourth Circuit held in favor of his widow, where an insured officer had designated her as beneficiary in an attempted change on a confidential form found in the records of the *Navy Department*, rather than in the Veterans Administration. Roberts v. United States, 4 Cir., 157 F.2d 906. It would seem obvious that decision in any case involving the issue of whether an informal change of the beneficiary in a National Service Life Insurance policy has been adequately made by an insured serviceman depends upon the salient facts in each individual case.

█ In the instant case, the controlling facts are that the deceased soldier manifestly intended that his wife and not his sister should be the beneficiary of his Government insurance; that he honestly thought he had effectuated the change by execution of the necessary papers; that the formal provisions concerning a change of beneficiary are made for the benefit of the Government and not for the first named beneficiary; that through the final decision of the Board of Appeals of the Veterans Administration, the wife and not the sister has been held to be the beneficiary; and that, thereby, the Veterans Administration waived the necessity of the execution of a change of beneficiaries on its prescribed forms.

It is important to observe that the United States, in its answer filed in the United States District Court, stated that: " * * * prior to December 6, 1950, the date on which the deceased soldier, Ray Pope, was killed, the veteran, Ray Pope, had executed a change of beneficiary to the proceeds of policy of National Service Life Insurance No. V–795103, from his sister, Priscilla Smalley, the plaintiff, to his wife, Helen Pope, co-defendant herein; that the said policy of insurance was in full force and effect at the time of the death of Ray Pope; and that the said Helen Pope is the person rightfully entitled to receive the proceeds of the said policy of National Service Life Insurance." This demonstrates, without peradventure, that the Government, for whose benefit the formal provisions concerning change of beneficiaries were promulgated, has waived the necessity of strict compliance with the provisions.

Accordingly, the judgment of the United States District Court is reversed; and the appellant, Helen Pope, is held to be the sole beneficiary of the National Service Life Insurance policy issued upon the life of her deceased husband, Ray Pope.