Gertrude SHACK, Appellant,

v.

UNITED STATES of America and Caselene P. Reynolds,
Appellees.

No. 16011.

United States Court of Appeals
Fifth Circuit.

June 30, 1956.

E. B. Gostin, Macon, Ga., for appellants.

Harvey J. Kennedy, Barnesville, Ga., Floyd M. Buford, Asst. U. S. Atty., Robert B. Thompson, Asst. U. S. Atty., Frank O. Evans, U. S. Atty., Macon, Ga., for appellee.

Before RIVES, CAMERON and BROWN, Circuit Judges.

CAMERON, Circuit Judge.

This is an appeal by Gertrude Shack from a judgment of the District Court, sitting without a jury, awarding the appellee, Caselene P. Reynolds, the entire proceeds of a National Service Life Insurance Policy as against the claim of appellant, Gertrude Shack, originally named as beneficiary. Appellant seeks reversal on the contention that the evidence is insufficient to support the findings and conclusions of the lower Court. The only question presented to us is whether the Court below was clearly erroneous in finding that the insured had manifested an intent to change the beneficiary to appellee, and had done everything reasonably within his power to accomplish the change.

Promus F. Reynolds, the deceased insured and son of the appellee, re-enlisted in the Marines in 1948. September 1, 1950, he sailed from San Diego aboard a troop ship en route to Korea, and while at sea, on September 13th, he executed an application for a ten thousand dollar National Service Life Insurance Policy designating Gertrude Shack, his great-aunt with whom he had lived about one year prior to his re-enlistment, as beneficiary, and the policy was accordingly issued. He landed in Korea and was immediately engaged in combat until wounded September 30. He recovered from this wound within two weeks and was returned to combat duty, where he remained until killed November 3, 1950.

His mother, the appellee, filed a claim for the proceeds of the policy with the Veterans Administration, but the claim was tentatively denied after consideration of substantially the same evidence as was before the Court below. Appellee then filed this action against the United States alleging that the insured had intended to change beneficiaries and had done everything reasonably within his power to effectuate the change and to designate her as beneficiary. The United States admitted its liability on the policy, stating its willingness to pay the claim to the person entitled thereto and, by appropriate pleadings, it interpleaded Gertrude Shack. Appellant then filed her claim by intervention in the pending suit, with the result that the Court below, after hearing all of the evidence, resolved the conflict in favor of appellee, the mother. Appellant, the aunt, appealed from that ruling; but the United States did not

appeal, contenting itself with filing a brief in this Court defining the issues and submitting the entire matter to us for decision.

The findings of the Court below were based upon oral testimony and a series of writings by the deceased. Among these was a letter written by deceased to appellee dated September 11th, two days before the date of the policy application, but postmarked two days after it, which stated that deceased was taking out insurance and "that the way things seemed now, you'll stand a better chance of collecting than before." [1] On September 17th, four days after the date of the application, he wrote one of his aunts stating, "In case something goes wrong and I don't get back, my insurance is made out to mother, and if you live longer then you get part of it." On October 5th he wrote his mother again stating, "You don't know how close you came to receiving $10,000 * * *." Appellee also introduced in evidence an original executed form bearing no date and entitled "National Life Insurance," in which his mother, Caselene Reynolds was designated as principal beneficiary.

This document contained the veteran's signature in the body of the instrument but not at the end. Appellee testified at the trial that she received this document from the Government some thirty to sixty days after being notified, on November 3rd, of Promus' death. Apparently, it was never submitted to a government agency in order that change of beneficiary on its records might be effectuated. There was proof that this form was an authentic document such as was normally utilized in the Marine Company to which deceased was attached for the purpose of obtaining information from soldiers who were not in position to execute a more formal document.

Appellant placed in evidence a letter postmarked October 5th to one of her relatives in which the veteran stated, "Tell Auntie [appellant] she came close to receive five thousand ($5,000) dollars. Better luck next time * * *." It was undisputed that the veteran was, as outlined above, in the front lines in constant combat, and what was done by him towards accomplishing change of beneficiary must be judged from that standpoint and not from the standpoint of peacetime surroundings. Based upon all of the evidence, the Court below found that it was the veteran's intention to change the beneficiary so that his mother would receive the proceeds of the policy and that he had done everything reasonably possible to accomplish this change under the circumstances surrounding him at the time. We think that the findings and conclusions of the Court below were amply sustained by the evidence.

The Court below was not persuaded, nor are we, by the argument that the form evidently furnished the veteran by the Government and which he executed was not ever delivered to the Veterans Administration in compliance with its regulations, cf. 38 C.F.R. 8.47.

What we said in Mitchell v. United States, 5 Cir., 1948, 165 F.2d 758, 760, 2 A.L.R.2d 484, was relied upon by the Court below:

"Cases are unanimous that in warrisk insurance cases involving change of beneficiary the courts will brush aside all legal technicalities in order to effectuate the manifest intent of the insured; and that if he manifests an intent to make a change and has done everything reasonably within his power to accomplish his purpose, leaving only ministerial acts to be performed by the insurer, the courts will treat that as done which ought to have been done and give effect to the insured's intent. The cases are also unanimous that a mere intent to change a beneficiary is not enough. Such an intent must be followed by some af-

---

1. The veteran had designated his mother as principal beneficiary in a National Service Life Insurance Policy taken out during World War II, but this policy had lapsed.

firmative act on the part of the insured evidencing an exercise of the right to change the beneficiary. Where the courts differ is as to the degree of affirmative action necessary to effect a change. Literal compliance with the provisions of a policy is never necessary."

In the Mitchell case the soldier had written to his wife stating that he had taken out insurance and made her the beneficiary. This, the Court concluded, was sufficient evidence of an exercise of his right to change, saying, "True, it is not an actual change; but it is strong, almost incontrovertible, evidence of a change." In the case at bar the letters written by the deceased, together with the execution by him of the regular National Life Insurance Form were convincing evidence upon which the Court below could reach the conclusion that the deceased intended to make his mother the beneficiary of his insurance, and that he performed the acts reasonably within his power to effectuate that intent.[2]

The argument that a delivery of the National Life Insurance Form to the Veterans Administration was essential to accomplish a change of beneficiary is disposed of by our decision in McKewen v. McKewen, 5 Cir., 1948, 165 F.2d 761, 764, certiorari denied 334 U.S. 860, 68 S.Ct. 1530, 92 L.Ed. 1780, wherein we said: "If, therefore, the documents are sufficient to evidence an intent and an effort on the part of the soldier to change the beneficiary in substantial compliance with the regulation, the fact that these documents were not received by the Veterans Administration until after the death of the soldier is unimportant." And see, also, Collins v. United States, supra.

We hold, therefore, that the Court below was not clearly erroneous in reaching the conclusion that Promus Reynolds, under the circumstances presented, had manifested a clear intent to change beneficiaries and had done everything reasonably within his power to accomplish that change.[3] The evidence presented an issue of fact which, in our opinion, was correctly resolved by the Court below and its judgment is, therefore,

Affirmed.

---

2. See Collins v. United States, 10 Cir., 1947, 161 F.2d 64; Bradley v. United States, 10 Cir., 1944, 143 F.2d 573; Gann v. Meek, 5 Cir., 1948, 165 F.2d 857; and Butler v. Butler, 5 Cir., 1949, 177 F.2d 471.

3. Cf. Butler v. Butler, supra, and Shannon v. United States, D.C.N.D.Ga., 1947, 78 F.Supp. 263.