**Connie Mae FERGUSON, Appellant,**

**v.**

**Margie Louise KNIGHT et al., Appellees.**

**No. 17423.**

United States Court of Appeals
Fifth Circuit.

Feb. 25, 1959.

Melody Tune Douthit, Dallas, Tex., for appellant.

Lester L. May, John C. Ford, Asst. U. S. Atty., Dallas, Tex., for appellees.

Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

An appeal from a judgment denying the claim that a change of beneficiary had occurred, this is another of the many appeals to this court [1] in controversies over whether a change of beneficiary in a National Service Life Insurance policy has been validly effected. Unlike most of them, however, this appeal is not from a judgment on findings of a judge in a case tried without a jury but from a judgment entered on a directed verdict, and the question for decision here is not the one usually presented, whether the findings are or are not clearly erroneous. If it were such a case, we should, answering that they are not, affirm it out of hand under the settled rule in this circuit, carefully set out in Kell v. United States, 5 Cir., 202 F.2d 143,[2] approving and affirming the opinion and judgment of the district judge, D.C., 104 F.Supp. 699, holding

that no valid change of beneficiary had occurred. For while there is oral testimony that the veteran and his wife were for a while before his death living separate and apart, and that of a sister and brother that the deceased had expressed an intention to change the designation of beneficiary in his policy from his wife to this sister, there is also evidence that he and his wife had a twelve year old daughter; that he had stated to several persons, including one of his sisters, that he wanted his daughter to have everything he had at his death; and there is, too, an affectionate letter to his wife, written a day or two before he died, and other evidence tending and sufficient to support the conclusion both that he had not intended to make and had not made a change. Over and above all this, however, there is no clear and positive evidence that he had intended to make or had made such a change, none that he had actually done anything which in law and in fact would effect the change.

Since the case was tried to a jury, however, and the question is not whether the evidence preponderates the one way or the other, but whether sufficient

1. Mitchell v. United States, 5 Cir., 165 F. 2d 758, 2 A.L.R.2d 484; McKewen v. McKewen, 5 Cir., 165 F.2d 761; Gann v. Meek, 5 Cir., 165 F.2d 857; Hester v. Hester, 5 Cir., 171 F.2d 477; Butler v. Butler, 5 Cir., 177 F.2d 471, Kell v. United States, 5 Cir., 202 F.2d 143; Shack v. United States, 5 Cir., 234 F.2d 934.

2. "This is another of the many cases brought to recover on National Life Insurance policies, in which, lacking direct proof of change of beneficiary as required by the statute, 38 U.S.C.A. § 802(g), and regulations,*
   "*7 F.R. p. 7364, Sec. 10.3446-3447 provides: '* * * A change of beneficiary to be effective must be made by notice in writing signed by the insured and forwarded to the Veterans Administration by the insured or his agent and must contain sufficient information to identify the insured * * *'.
   the claimant relies on circumstantial evidence in support of her claim. While the result in each of the cases has varied with the evidence offered in each and the

effect given to that evidence by the trial judge, the governing principles applied in each have not varied. As laid down by us in Mitchell v. United States, 5 Cir., 165 F.2d at page 760, these are:
   "'The cases are unanimous that in warrisk insurance cases involving change of beneficiary the courts will brush aside all legal technicalities in order to effectuate the manifest intent of the insured; and that if he manifests an intent to make a change and has done everything reasonably within his power to accomplish his purpose, leaving only ministerial acts to be performed by the insurer, the courts will treat that as done which ought to have been done and give effect to the insured's intent. The cases are also unanimous that a mere intent to change a beneficiary is not enough. Such an intent must be followed by some affirmative act on the part of the insured evidencing an exercise of the right to change the beneficiary. Where the courts differ is as to the degree of affirmative action necessary to effect a change. Literal compliance with the provisions of a policy is never necessary.' "

evidence was presented upon the question of change to take the case to the jury, we can not derive too much support from the view of the district judge.[3] We must determine for ourselves whether, as matter of law, he erred in taking the case from the jury and directing a verdict, and since all, including the district judge, agree that the crucial point in the case is the effect to be given to the instrument styled "Record of Emergency Data", and designated "D.D. Form 93, 1 Feb. 1952" which the appellant claims constitutes a change of beneficiary, we set its substance out in the margin.[4]

As shown in the quotation in note 2, the district judge taking the instrument as a whole, noted its specific declaration that it is not effective as a designation or change of beneficiary of any insurance contract issued by the United States government.[5] He noted, too, that it spe-

3. Because, however, the statement he made when directing a verdict puts the case in a nutshell, we quote from it the following:

"We have in this case a policy of life insurance issued by the United States of America on the life of Walter Riley Knight, a veteran, in the amount of $10,000. The record develops that he is now dead. The policy provides that it should be paid to a certain beneficiary being his wife, one of the parties to this suit, Margie Louise Knight, I believe now Smith. * * *

"* * * Has the original beneficiary been changed according to the terms of the contract. The policy is the contract, and under the head of 'Beneficiaries' you come to this paragraph:

"'The insured has the right at any time to designate the beneficiary under this policy, or to change the beneficiary without the knowledge or consent of that beneficiary. The designation or change, to be effective, must be made in writing, and notice of it must be signed by the insured and must contain sufficient information to identify the insured. The notice must be forwarded to the Veterans Administration by the insured or his agent. The change must be made in writing.'

"We have listened to this trial for some written evidence of that change. That which has been tendered to us [as effecting the change] is a record of Emergency Data of Walter Riley Knight, which the plaintiff, Mrs. Knight, the original beneficiary, contends is not a change of beneficiary, and therefore we look at it to see what is does, and it contains in italics, these words:

"'Designation or Change of Beneficiary—

Servicemen's Indemnity'

and 'does not operate as a designation or change of beneficiary of any insurance contract issued by the Government of the United States'. Therefore the only written evidence expressly says that it is not a change of beneficiary [of the policy] then in existence. Under that situation there is nothing that the court can ask you to solve, because in writing there is no change of beneficiary called but an express declaration that this paper which is offered cannot serve that purpose. That being the case, the court can give you but one instruction. * * * There is but one verdict that you can render, and that is a verdict for the plaintiff Knight."

4. It contains the name of veteran; name of his wife and daughter as next of kin.

In answer to the question: "In the event that I am not survived by a spouse or child" to whom the payment of the six months death gratuity be paid, the deceased gave the name of his sister, Connie Mae Ferguson, the appellant here.

In answer to the inquiry who should be notified in case he was listed as missing, he gave his wife's name.

In No. 20, "I request the following commercial companies be officially notified in case of my death in active service", he gave this answer:

Rio Grande Ins. Co., Dallas, Texas."

In No. 21, reading as follows:

"Designation or change of beneficiary—

Servicemen's Indemnity (P.L. 23, 82d Congress)

(Does not operate as a designation change of beneficiary of any insurance contracts issued by United States Government)

"All previous designations of principal and contingent beneficiaries, if any, under Servicemen's Indemnity Act of 1951 are hereby cancelled, and it is directed that said indemnity be paid to—"

he completed it:

Name: "Connie Mae Ferguson"
Relationship: "Sister"
Amount: "$10,000.00"
Signed: "Walter Knight"
Date Signed: "10–13–54"

5. See Cyrus v. United States, 1 Cir., 226 F.2d 416 for a good discussion of the difference between a life insurance policy, a *contract* of insurance, and the Servicemen's Indemnity, a *gratuity*.

cifically states that it cancelled all previous designations of beneficiaries if any under Servicemen's Indemnity Act of 1951, 38 U.S.C.A. § 851 et seq., and directed that said indemnity be paid to Connie Ferguson, sister. So noting, he determined, as matter of law, correctly we think, that it did not prove, it specifically negatived her claim. Flying in the face of the precise terms of the instrument and without any proof of the circumstances under which the form was asked for and signed, appellant's evidence amounted to no more than surmise, speculation, and conjecture, injected into the case by calling to the stand persons who had handed similar forms not to Knight but to others, and taking their testimony that, while this was not the form designated for use for changing beneficiaries in life insurance policies, this was the form usually handed to a veteran for filling out his record and that, in their opinion, it might be that a soldier given this form might not know and understand what it was for and might, notwithstanding its clear and definite statements to the contrary, think he could use it to change the beneficiary in his life insurance policy.

Reliance was also placed on the fact that after 1951 veterans who had National Service life insurance policies requiring the payment of premiums could by giving notice of their desire to do so, be relieved from payment of premium and that Knight had taken this course with his policy.

Finally, it was argued that, since at the time he signed the form in question, decedent's policy was one on which he was paying no premiums and, therefore, he did not and could not have a Servicemen's Indemnity, it must be held that,

in designating his sister as beneficiary he was not doing a vain thing and that he intended to, and did, designate her as beneficiary of his life policy.

We cannot at all agree. We think the district judge was right in rejecting these surmises and conjectures as mere theory based on speculation, and as presenting nothing of substance to send to a jury, nothing rising to the dignity of evidence that action effective in law to change a beneficiary had been taken.

■ As the cases all point out, courts have acted with great liberality to give effect to the real intention and efforts manifested by action of veterans to change a beneficiary in situations of war and emergency, an extreme evidence of this being the Gann case from this court, note 1, supra. Here, there was no such situation. When decedent signed the form he was stationed in Dallas at an established base and had only a year and a half to go before retiring after long years of service. If he had desired to change his beneficiary there was nothing to prevent his doing so by obtaining the form for that purpose, making the change in writing, and causing the notice of change to be sent to the Veterans' Bureau.

■ There can be no doubt, we think, under this record, that the directed verdict was demanded and that the judgment, which awarded the policy to the mother as beneficiary with the understanding and agreement of the mother that the proceeds would be placed and held in trust for, and the benefit of it go to the veteran's daughter, was a wise and just one.

The judgment was right and it is affirmed.