Mrs. Bonnie Martin WALL, Appellant,

v.

Mrs. Marianne HAAS and United States
of America, Appellees.

No. 18390.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1960.

James H. Fort, Columbus, Ga., for appellant.

Vincent P. McCauley, Columbus, Ga., Truett Smith, Asst. U. S. Atty., Macon, Ga., for appellees.

Before JONES, Circuit Judge, and HOOPER and JOHNSON, District Judges.

JOHNSON, District Judge.

This is another of the many cases that have been presented to this Court in recent years involving a controversy between individuals, each claiming to be the beneficiary and entitled to the proceeds from a National Service Life Insurance policy. In this case, the contest is between the widow, Mrs. Marianne Haas, and the mother of the deceased serviceman, Mrs. Bonnie Martin Wall, the latter being the designated beneficiary with the Veterans Administration.

As usual in this type case, the United States, as one of the defendants, admits its liability for the face amount of the insurance policy and seeks to be discharged from all liability under the policy except as to the person lawfully entitled to the proceeds thereof. The widow, Mrs. Haas, bases her claim upon an Air Force Personal Affairs Statement, which, admittedly, was not the official form to be used for changing beneficiaries,[1] but was executed by Roy Haas, the insured serviceman, and filed with the United States Air Force.[2] Further evidence was presented to the effect that Mrs. Haas and her husband, Roy Haas, were married on February 21, 1955 and the Air Force Personal Affairs Statement was executed by her husband less than one month later. Approximately one year later Haas obtained from his mother, Mrs. Wall, the National Service Life Insurance policy— which policy named the mother as beneficiary—and the certificate of insurance,

1. The form had written thereon "Beneficiary Designations" and then immediately thereunder were these words, "This does not constitute official designation of beneficiary or selection of option."

2. A signed carbon copy was other evidence, and this copy indicated thereon that it had been processed through the official Air Force channels. This copy designated the plaintiff, Mrs. Haas, as the beneficiary of the proceeds of the insurance policy.

and handed them to his wife, Mrs. Haas, in the presence of his mother, with a statement to the effect that she was to "hang onto it" and take it to the nearest military installation for help if anything happened to him. There was other evidence admitted concerning certain statements having been made by the insured—these admitted for whatever light they might possibly shed on the question of intent.

The case was submitted to the jury by the district court on the law laid down in Mitchell v. United States, 5 Cir., 165 F.2d 758, 760:

> "The cases are unanimous that in war-risk insurance cases involving change of beneficiary the courts will brush aside all legal technicalities in order to effectuate the manifest intent of the insured; and that if he manifests an intent to make a change and has done everything reasonably within his power to accomplish his purpose, leaving only ministerial acts to be performed by the insurer, the courts will treat that as done which ought to have been done and give effect to the insured's intent. The cases are also unanimous that a mere intent to change a beneficiary is not enough. Such an intent must be followed by some affirmative act on the part of the insured evidencing an exercise of the right to change the beneficiary. Where the courts differ is as to the degree of affirmative action necessary to effect a change. Literal compliance with the provisions of a policy is never necessary."

The jury decided the case in favor of the wife, Mrs. Haas, and the question here presented is whether or not there was sufficient evidence for the case to go to the jury.

If there was any question in this Circuit as to the sufficiency of such evidence on the question of affirmative act and intent after this Court decided Ferguson v. Knight, 5 Cir., 1959, 264 F.2d 176, it was resolved in Hawkins v. Hawkins, 5 Cir.,

271 F.2d 870, and Stone v. United States, 5 Cir., 1959, 272 F.2d 746.

This was a proper case to go to the jury, the judgment of the district court entered thereon was correct and is

Affirmed.