Nell **JONES**

v.

The **UNITED STATES** of America and **Mary Eller.**

**Civ. A. No. 476.**

United States District Court, M. D. Tennessee, Northeastern Division.

June 23, 1971.

Claude Callicott, Nashville, Tenn., Hugh M. Carmichael, Sparta, Tenn., for plaintiff.

Charles H. Anderson, U. S. Atty., George E. LeFevre, Asst. U. S. Atty., Nashville, Tenn., for United States Government.

Jim H. Camp, Sparta, Tenn., for Mary Eller.

## MEMORANDUM

MORTON, District Judge.

In this action the plaintiff Nell Jones sues the defendants Mary Eller and the United States to recover the proceeds from two National Service Life Insurance policies. This Court's jurisdiction is based upon 38 U.S.C. § 784. The following facts have been stipulated by the parties.

Plaintiff Nell Jones is a resident of White County, Tennessee. On May 14, 1956, she married Robert Love Eller in Fredericksburg, Virginia, and remained his wife until December 29, 1959, on which date she obtained an absolute divorce from him by decree of the General Sessions Court for White County, Tennessee. By said decree her maiden name, Nell Jones, was restored to her.

Robert Love Eller was a career man in the United States Army. He became a member of the armed services of the United States on October 7, 1947, and remained a member continuously until his death which occurred on September 7, 1964. In 1947 Robert Love Eller applied for and was granted Five Thousand Dollars ($5,000.00) National Service Life Insurance under Certificate No. N-20 607 132 in which he named his then wife, June E. Eller, as sole beneficiary. This insurance was renewed in the full amount under Policy No. V-1743 6087, effective October 9, 1952. In 1948 he applied for and was granted additional National Service Life Insurance in the amount of Five Thousand Dollars ($5,000.00) under Certificate No. N-20 784 954 in which he named his then wife, June Eller, as principal beneficiary and his mother, Mary Eller, as contingent beneficiary. This insurance was renewed in the full amount effective September 1, 1953, under Policy No. V-

17 446 462. On July 27, 1956, he executed, by signing his name thereto, Veterans Administration Form 9-336 entitled "Change or Designation of Beneficiary and/or Change or Selection of Optional Settlement, National Service Life Insurance." In and by this instrument he changed the beneficiary in both of said policies, naming and designating his then wife, Nell J. Eller, as principal beneficiary and naming and designating his mother, Mary Eller, as contingent beneficiary and selecting Option 2 in thirty-six (36) monthly installments as the option for both beneficiaries. He filed or caused to be filed said instrument with the Veterans Administration either on August 6, 1956, or August 7, 1956, and on August 7, 1956, said change of beneficiary was duly entered on its records by the Veterans Administration. Both of said policies, each in the principal amount of Five Thousand Dollars ($5,000.00), remained and still are in full force and effect.

A short time following the death of Robert Love Eller, the plaintiff, Nell Jones, was notified in writing by the Veterans Administration that its records showed her to be the principal beneficiary of the two insurance policies. She filed a claim. The claim was recognized. It was conceded by the Veterans Administration that she was entitled to the proceeds of both of said policies, each in the principal amount of Five Thousand Dollars ($5,000.00), payable in monthly installments over a period of thirty-six (36) months in accordance with Option 2. Payments were commenced, she accepted same as she had a right to do, and then later the defendant, Mary Eller, filed her claim in which she claimed that her son, Robert Love Eller, had changed the principal beneficiary so as to make her, the said Mary Eller, the beneficiary of said policies rather than the plaintiff.

The Veterans Administration stopped payments, then made a ruling to the effect that a change of the principal beneficiary in said policies had been properly and lawfully effected so as to designate

Mary Eller as the principal beneficiary. This ruling was appealed by Nell Jones to the Board of Veterans Appeals, and the Board of Veterans Appeals in substance affirmed the ruling which had been made by the Veterans Administration, said Board ruling also that a change of beneficiary from the plaintiff, Nell Jones, to the defendant, Mary Eller, had been lawfully effected. At the time of the death of Robert Love Eller the records of the Veterans Administration showed a designation of the plaintiff as the principal beneficiary of the two policies and of Mary Eller, the defendant, as contingent beneficiary. At that time there was no evidence on file or in the possession of the Veterans Administration which they have been able to locate after a diligent search establishing or tending to establish that Robert Love Eller intended to or desired to make or had made any further change in the beneficiary on said policies so as to make his mother, Mary Eller, instead of his former wife, Nell Jones, the principal beneficiary, except the Record of Emergency Data if, in fact, it was on file or in the possession of the Veterans Administration.

"The plaintiff in the instant case has never suggested that literal compliance with the regulations by signing the approved and standard form was necessary. But the plaintiff does insist that some overt affirmative act was essential as well as intent * * *." Plaintiff's Supplemental and Reply Brief, at 5. The defendants have agreed that two elements are required by the courts to effect a change of beneficiary in a case such as this one. The first element is that it must appear that the insured intended to change the beneficiary. The second essential element is that he must have taken affirmative action to accomplish that intent. Bradley v. United States, 143 F.2d 573 (10th Cir. 1944); Wells v. Ruiz, 372 F.2d 119 (10th Cir. 1967); Benard v. United States, 368 F. 2d 897 (8th Cir. 1966).

 Conflicting evidence was introduced regarding the insured's intent.

The Court finds that the more relevant and credible evidence indicates that the insured intended for his mother to receive these insurance proceeds.

The remaining question is whether or not the deceased took affirmative action to accomplish that intent. It is elementary that the burden of proving that a change of beneficiary has been made is on the party asserting such a change. It is stipulated that the plaintiff is the primary beneficiary of record. The defendants therefore must carry that burden. Benard v. United States, supra.

Defendants have shown that the insured executed a DA Form No. 41, Record of Emergency Data, whereby he indicated that his mother was the person to notify in the event of an emergency, and that she was also the person to receive pay benefits should he be killed or missing. The defendants have contended that deceased took sufficient affirmative action to effect a change of beneficiary when he signed this emergency data form in February, 1962.

It is clear that the form itself indicated it was not to be used to effect a change of beneficiary regarding insurance proceeds. It also appears to the Court that the word "None" was inserted in the only portion of the form which related to insurance.

No evidence was introduced to show that the insured intended to change his insurance beneficiary by executing this form. No evidence was introduced to show that this form was ever used in insured's unit for such a purpose. No evidence was introduced to show that insured was given this form, rather than a proper change of beneficiary form, by mistake. The principal defect in defendants' contention is simply that the execution of this form, in the manner in which it was completed, constitutes no evidence of an affirmative action taken by deceased to change the beneficiary of his insurance policies. Baker v. United States, 386 F.2d 356 (5th Cir. 1967); Collins v. Collins, 378 F.2d 1020 (4th Cir. 1967).

Defendants offered testimony at trial, to which timely objection was made, which recounted oral statements made by the deceased regarding these policies following his divorce from the plaintiff. The Court ruled this testimony was admissible only for the purpose of showing the intent or state of mind of the insured, and was not substantive evidence as to any action which deceased is alleged to have taken.

The only piece of substantive evidence upon which defendants rely remaining for consideration is a letter dated November 26, 1959, which deceased wrote to his mother. In that letter deceased stated:

"I took those papers up to personnel yesterday and I will still have to have a copy of the final degree [sic] and it signed. So just as soon as they mail it to you then you can send it on to me by air mail, it suppose to be over with on the 5th of Dec. and then I can stop that allotment.

"I have already got the insurance changed over in your name, so all I need now is those papers on that final degree for the allotment and then I can cut it off."

Making the most favorable assumptions possible for the defendants, it is still apparent that the belief that the beneficiary had been changed, which deceased expressed in the letter in 1959, was not based upon the completion of the emergency data form in 1962.

The defendants have contended that the letter itself constituted a sufficient writing to change the beneficiary of the policies upon its delivery by defendant Eller to the Veterans Administration Office. The Court finds that the letter is insufficient to constitute a change of beneficiary as, on its face, it does not purport to accomplish such a function.

The defendants have finally contended that the letter is evidence of the fact that such action was previously taken by deceased. Mitchell v. United States, 165 F.2d 758 (5th Cir. 1948). The letter was properly identified and introduced into evidence at trial, and the Court finds that it is substantive evidence as to the issue of the occurrence of an affirmative act by deceased to effect a change of beneficiary.

The letter, however, is not a sufficient basis for defendants' position. When examined in context and liberally interpreted in defendants' favor, the reference to insurance might logically be construed as referring to insurance available through the Army. Since no evidence has been introduced upon which to base a conflicting conclusion, further conjecture might be made that the reference was to deceased's National Service Life Insurance. The question next arises as to which of the two policies the statement referred to, or if it referred to all such insurance.

The sufficiency of such a letter to accomplish a change of beneficiary of a National Service Life Insurance policy is a matter of considerable dispute among the courts. Compare Butler v. Butler, 177 F.2d 471 (5th Cir. 1949); Littlefield v. Littlefield, 194 F.2d 695 (10th Cir. 1952); Kell v. United States, 202 F.2d 143 (5th Cir. 1953); and Aguilar v. United States, 226 F.2d 414 (9th Cir. 1955). The defendants have cited Pope v. Smalley, 229 F.2d 349 (6th Cir. 1956). In that case a wife filed letters, written to her by her husband while at sea, the last two of which indicated that she had been named the beneficiary of his insurance. Even though none of the service records of the insured's unit were shown to have been lost, and no record of the purported change of beneficiary was found, the Court of Appeals found that a change of beneficiary had been sufficiently established by the proof.

The Court was careful to emphasize the fact that the letters were written under combat conditions shortly before the insured was killed in action. No such situation has been shown to exist in the present case. Here the insured had years of noncombatant duty in which to affirmatively accomplish his intention to change his beneficiary. The defendants have failed to show that

he did so. Cooper v. United States, 340 F.2d 845 (6th Cir. 1965); Baker v. United States, supra.

Accordingly, judgment must be entered for the plaintiff. An appropriate judgment shall be entered.