The **PRUDENTIAL INSURANCE COMPANY OF AMERICA**

v.

Loyna Gale Bell **KIBLING** and Eugene L. Kibling.

Civ. A. No. 72–126.

United States District Court, M. D. Louisiana.

Jan. 22, 1973.

Charles W. Wilson, Watson, Blanche, Wilson & Posner, Baton Rouge, La., for plaintiff.

Bert K. Robinson, Wray & Robinson, Baton Rouge, La., for Eugene L. Kibling.

Sidney D. Fazio, McCollister, Belcher, McCleary & Fazio, Baton Rouge, La., for Loyna Gale Kibling.

E. GORDON WEST, District Judge:

This suit was filed for the purpose of determining who should be the beneficiary of a certain life insurance policy issued by The Prudential Insurance Company of America (hereinafter "Prudential") on the life of Dewey R. Kibling, now deceased. The proceeds of the policy, $11,973.56, have been deposited by Prudential into the registry of this Court, and they are now being claimed by the defendant, Loyna Gale Bell Kibling, the estranged widow of the deceased, and by the defendant, Eugene L. Kibling, the father of the deceased. The defendant, Eugene L. Kibling, has filed a motion for summary judgment in his favor, which motion is presently before the Court. There are no material issues of fact involved, and hence the case is susceptible of summary proceeding.

### FINDINGS OF FACT

1. On March 15, 1965, Prudential issued Policy No. D48–130–897, commonly referred to as a Family Policy, wherein it undertook to insure the lives of Dewey R. Kibling, the principal insured, his wife, Loyna Gale Bell Kibling, and each dependent child, if any, of the insured.

2. The named insured, Dewey R. Kibling, died on October 16, 1971, and Prudential admits that the sum of $11,973.56 is payable to whomever it determined to be the beneficiary under the policy.

3. The application for this policy, prepared and executed on March 13, 1965 by the deceased, Dewey R. Kibling, and which became, by attachment thereto, a part of the policy, names the defendant, Loyna B. Kibling, as the beneficiary in the event of the death of the named insured, and, under the terms of the policy itself, the named insured, Dewey R. Kibling, would have been the primary beneficiary in the event of the death of his wife, Loyna B. Kibling.

4. There were no children born of the marriage between Dewey R. Kibling and Loyna B. Kibling, and hence this policy of insurance afforded no coverage insofar as death of children was concerned at the time of the insured's death.

5. Marital difficulties were encountered between Mr. and Mrs. Kibling, and on October 1, 1971, Mrs. Kibling obtained a judgment of separation from bed and board from a court of competent jurisdiction in Baton Rouge, Louisiana.

6. On August 11, 1971, prior to the judgment of separation, the deceased, Dewey R. Kibling, contacted a Prudential agent and informed him of the marital difficulties and advised him that he, the insured, wanted to change the primary beneficiary in his policy by designating his father, Eugene L. Kibling, a defendant herein, as beneficiary in the event of his death, and by deleting as a beneficiary his estranged wife, Loyna B. Kibling.

7. Prudential's agent furnished the insured with a printed form entitled "Request for Beneficiary or Name Change" and instructed the insured to fill it out and leave it, together with the policy in question, with him so that it could be forwarded to Prudential's home office in Houston, Texas. This form was designated "ORD 9082," and was the only form furnished as a standard form by Prudential to its agents.

8. On August 11, 1971 the insured, Dewey R. Kibling, executed Form ORD 9082 in accordance with instructions given by Prudential's agent, and specifically requested, by that form, that the beneficiary in the event of his death be changed to show his father, Eugene L. Kibling, as beneficiary.

9. This form, as executed by the insured, was accepted by the agent for Prudential, together with the original of the policy, both of which were then forwarded by the agent to Prudential's Houston office for filing.

10. Prudential did not file this request for change of beneficiary. Instead they returned the executed Form ORD 9082 to their agent, along with another form designated as "Form COMB 28082" and requested the agent to have the insured execute that form.

11. The agent tried on several occasions over a two or three week period to telephone the insured in order to get him to execute this new form, but was unable to contact him. He did not ever write a letter or otherwise send any instructions to the insured.

12. On October 16, 1971, the insured, Dewey R. Kibling, died without ever having executed the new form, COMB 28082, and indeed without ever knowing that his executed Form ORD 9082 had not been accepted and filed by Prudential.

13. The main difference between these two forms was that Form ORD 9082, the one executed by the insured, changed only the primary beneficiary, that is, the beneficiary in case of death of the named insured, Dewey R. Kibling. It did not change the name of the beneficiary in case of the death of his wife. In the latter event, the named insured, if living, would continue to be the beneficiary in case of the death of his wife, and if not living, the wife's estate would become the beneficiary. The new form, COMB 28082, would have made the insured's father the beneficiary in case of the death of the insured (just as Form ORD 9082 did) and it would have made the insured, if he was living, the beneficiary in the event of the death of his wife (just as the policy itself did), but it would have made the father of the insured, if living, the primary beneficiary in case of the wife's death if the insured were not living rather than the wife's estate as provided for in the policy.

14. Thus, Form COMB 28082, which the company sent to the agent to be executed by the insured would have accomplished nothing, under the circumstances of this case, that the executed Form ORD 9082 did not accomplish other than

to provide that the father of the insured or his estate would become a beneficiary in case of the death of the insured's wife if, and only if, the insured himself was not living at the time of his wife's demise.

15. There is nothing to indicate that the insured wished to make the additional change that would have been effected by Form COMB 28082, and there is nothing in the policy that would prevent the insured from limiting the change of beneficiary to that embodied in the Form ORD 9082 which he executed and delivered to Prudential through its agent.

16. When Prudential returned the properly executed Form ORD 9082 to its agent, it informed the agent that the insured's policy would be "held temporarily at this office," and that the new Form COMB 28082 should be signed by the insured because "Since the insured wife is being removed as beneficiary for the insurance payable upon the death of the Insured, we *assume* (emphasis added) she is also to be removed as contingent owner and contingent beneficiary for the insurance payable at the death of any dependent children." It must be remembered that there were no children, and the marriage was in the process of dissolution.

17. There is no dispute as to the fact that the insured intended to delete Loyna Gale Bell Kibling as a beneficiary in the event of his death and to substitute therefor his father, Eugene L. Kibling.

18. There is nothing in this record to indicate that the insured intended to change beneficiaries in any other respect than that effected by the execution of Form ORD 9082, which was, in fact, properly executed and delivered to Prudential.

19. There is no dispute about the fact that the insured made his intentions known to Prudential's agent; that the agent understood those intentions; that the agent furnished the insured the forms which had in turn been furnished him by Prudential, to be executed for the purpose of carrying out those intentions; and that the forms so furnished by the company were properly executed and delivered to Prudential at its Houston office.

20. There is nothing in the policy to preclude the limited change of beneficiary implemented by Form ORD 9082, and there is nothing in the record to indicate that the insured intended anything other than could be accomplished by the use of the form which he executed.

21. The facts clearly establish, and it is not contested, that the insured had the sole ownership of the policy, and that he alone could change beneficiaries as he saw fit.

22. The Court finds, as a fact, that there is nothing in the record which could justify Prudential in "assuming" that the insured intended to do anything in addition to what he clearly and unambiguously did when he executed the change of beneficiary form.

23. At the time of the legal separation a property settlement was entered into between Dewey R. Kibling and his wife, Loyna Gale Bell Kibling, in which the latter specifically delivered to her husband, Dewey R. Kibling, and relinquished "all of the right, title and interest she now has, or has ever had or might have in and to," among other things "Prudential Life Insurance Policy No. D–48–130–897, dated March 15, 1965, in the amount of $3,000.00, on the life of Dewey Reid Kibling, and in the amount of $1,250.00, on the life of Gale Bell Kibling." There is, of course, no dispute as to the fact that this is the same policy involved in this litigation.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter.

2. The Court finds, as a matter of law, that the insured, Dewey R. Kibling, clearly evidenced his intent to change the beneficiary in the case of his death from Loyna Gale Bell Kibling to Eugene L. Kibling, and that he did, as a matter

of law, all that was within his power to do to make that change, and that the Prudential Insurance Company of America was apprised of that change of beneficiary quite some time before the death of the insured. See Smith v. American National Insurance Company, 25 So.2d 352 (La.App.2d Cir. 1946); Kell v. United States, 202 F.2d 143 (CA 5—1953); Woodmen of the World Life Ins. Society v. Arceneaux, 112 So.2d 148 (La.App. 1st Cir. 1959).

3. The change of beneficiary was, as a matter of law, completed, at the very latest, when the change of beneficiary form, furnished by Prudential and executed by the insured, was received by the Houston office of Prudential.

4. As a matter of law there was nothing contained in the insurance policy in question to preclude the insured from changing the beneficiary in case of his death while leaving the beneficiary in case of his wife's death as stated in the policy. This was precisely what the insured obviously intended to do and this is precisely what he did. Prudential, as a matter of law, had no right to assume some other intention on the part of the insured.

5. As a result of the property settlement entered into between the insured and his wife at the time they obtained a legal separation from bed and board, his wife, Loyna Gale Bell Kibling, as a matter of law, renounced and divested herself of any and all right that she had or even might have in and to the policy in question, including the right to be a beneficiary thereof. This fact corroborates the obvious intention expressed by the insured that the named beneficiary in case of his death be changed to his father, Eugene L. Kibling. See Standard Life Insurance Company of the South v. Franks, 260 So.2d 365 (La.App. 3rd Cir. 1972).

6. At the time of the insured's death, the defendant herein, Eugene L. Kibling, was, to the exclusion of all others, the beneficiary of the policy in question, and is, as a matter of law, entitled to receive any and all proceeds of the policy in question payable as a result of the death of Dewey R. Kibling.

7. For these reasons, the motion of the defendant, Eugene L. Kibling, for summary judgment in his favor will be granted, and judgment will be entered accordingly. Counsel for the said Eugene L. Kibling is instructed to present a judgment, not inconsistent herewith, for entry by the Court in this matter.